UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

ECOMMISSION SOLUTIONS, LLC,                :

                        Plaintiff,         :        15 Civ. 2671 (KBF)(HBP)

        -against-                          :        OPINION
                                                    AND ORDER
CTS HOLDINGS, INC., et al.,                :

                        Defendants.        :

----------------------------------X


                PITMAN, United States Magistrate Judge:


I.   Introduction


                Defendants move for leave to implead a third-party

defendant under Rule 14(a) of the Federal Rules of Civil

Procedure.  For the reasons set forth below, the motion is

denied.


II.  Facts


                This is an action seeking injunctive relief and damages

for fraud, negligent misrepresentation, unfair competition,

defamation, intentional interference with contractual relation-

ships, breach of contract and unjust enrichment, all arising out

of a contract between plaintiff and a third party concerning

commission reconciliation services provided to travel
agencies.

Plaintiff eCommission Solutions, LLC identifies and
collects outstanding commissions owed to a travel agency whenever
customers fulfill a reservation booked through that agency
(Second Amended Complaint, dated Apr. 22, 2016 (Docket Item
("D.I.") 41) ("Second Amended Compl.") ¶ 12).  To accomplish this
task, plaintiff developed a process that included consolidating
data from "hosts of different sources," identifying transactions
for which a travel agency has already received its commission,
making dunning inquiries to hotels concerning transactions for
which a travel agency has not received its commission and provid-
ing a reconciliation to the travel agency (Second Amended Compl.
¶ 13).

On March 11, 2005, plaintiff and Dell Marketing, LP
("Dell Marketing"), through their respective predecessors,
entered into a contract under which Dell Marketing would provide
certain services to enable plaintiff to provide its reconcilia-
tion services (Second Amended Compl. ¶ 14).  Pursuant to a 2004
subcontract with Dell Marketing's predecessor (Declaration of
Vivian M. Arias in Support of Motion for Leave to File a Third-
Party Complaint, dated July 29, 2016 (D.I. 66) ("Arias Decl."),

2

Ex. 1 ¶ 18), defendants provided these services to plaintiff (Second Amended Compl. ¶ 15).[1]

After a series of problems allegedly caused by defendants, plaintiff brought suit in state court. After defendants removed the case to this court (D.I. 1), plaintiff filed its amended complaint (Amended Complaint, dated May 29, 2015 (D.I. 13) ("Amended Compl.")). It alleged, among other things, that defendants wrongfully obtained proprietary information belonging to plaintiff in order to steal plaintiff's clients, that Dell Marketing and defendants acted wrongfully in refusing to extend plaintiff and defendants' business relationship and that subsequent to that refusal Dell Marketing and defendants continued to try to steal plaintiff's customers (Amended Compl. ¶¶ 41-68). On August 5, 2015, defendants filed a motion to dismiss the amended complaint (D.I. 20). While that motion was pending, defendants filed their answer (Answer to Amended Complaint, dated Mar. 3, 2016 (D.I. 37) ("Answer")). As their ninth affirmative defense, defendants alleged that plaintiff's damages "were proximately contributed to or caused by . . . Dell Marketing LP" (Answer, at 11). Defendants' motion to dismiss was granted on March 25, 2016

---

[1] The parties' submissions do not explain how the subcontract between defendants and Dell Marketing could have been entered into before the prime contract between plaintiff and Dell Marketing.

(D.I. 40), and plaintiff subsequently filed a second amended complaint.  To the extent relevant to this motion, the allegations in the second amended complaint mirror those of the amended complaint (Second Amended Compl. ¶¶ 40-67).  Defendants filed a motion to dismiss the second amended complaint on June 6, 2016 (D.I. 46), and that motion is pending.  Defendants have not answered the second amended complaint.

Defendants now seek leave to implead Dell Marketing, LP; Dell Services; Dell, Inc., and Dell USA, L.P. (collectively "Dell") as third-party defendants (D.I. 65).  As grounds, defendants state that "[a] short time ago, [defendants were] surprised to learn that Dell and [plaintiff] settled [a] separate litigation that [plaintiff] had commenced against Dell in Texas state court . . . and upon information and belief, Dell made a substantial payment to [plaintiff] in connection therewith" (Memorandum of Law in Support of Defendants' Motion for Leave to File a Third-Party Complaint, dated July 29, 2016 (D.I. 67) ("Def.'s Mem."), at 2).  Defendants further state that after the Texas action settled, they learned of evidence "that [plaintiff] had a plausible cause of action against Dell" (Def.'s Mem., at 2).  Thus, according to defendants, the settlement itself and this new evidence have "caused [defendants] to question the validity of Dell's continual representations to [defendants] that the custom-

ers were Dell's, that Dell owned the information that [plaintiff] is claiming as its own, and that [plaintiff] had refused to continue the relationship unless Dell accepted unreasonable demands" (Def.'s Mem., at 2).  Defendants allege these misrepresentations occurred "[t]hroughout the course of [defendants and Dell's] 12 year relationship" (Arias Decl., Ex. 1 ¶¶ 1, 25-27).  On these facts, defendants argue they have a valid claim for contribution and/or indemnification against Dell (Def.'s Mem., at 2).[2]

In its opposition, plaintiff argues that defendants' motion should be denied because (1) defendants unnecessarily delayed seeking leave to implead; (2) granting the motion would

---

[2]Defendants also state that they have valid claims against Dell for intentional misrepresentation, conspiracy to commit intentional misrepresentation and negligent misrepresentation (Def.'s Mem., at 3; Arias Decl., Ex. 1 ¶¶ 85-99).  Defendants appear to be claiming that Dell is liable to defendants on these claims regardless of defendants' liability to plaintiff.  Because defendants concede they would join such claims under Rule 18, rather than Rule 14 (Def.'s Mem., at 3; Reply Memorandum of Law in Support of Defendants' Motion for Leave to File a Third-Party Complaint, dated Aug. 19, 2016 (D.I. 73) ("Reply Mem."), at 10), I shall not consider them in deciding this motion.  See Arch Ins. Co. v. Harleysville Worcester Ins. Co., 56 F. Supp. 3d 576, 583-84 (S.D.N.Y. 2014) (Cote, D.J.) ("Impleader may not be used when the third-party complaint is a separate claim."); National Bank of Can. v. Artex Indus., Inc., 627 F. Supp. 610, 613 (S.D.N.Y. 1986) (Stanton, D.J.) ("The outcome of the third-party claim must be contingent on the outcome of the main claim . . . .").

delay trial, and (3) assertion of the proposed claims would be futile.

III.  <u>Analysis</u>

    A.  <u>Applicable Legal Principles</u>

Rule 14(a) of the Federal Rules of Civil Procedure provides, in relevant part, that a "defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."  The defendant must, however, obtain leave of court if it seeks to file the third-party complaint more than 14 days after serving its original answer.  Fed.R.Civ.P. 14(a)(1).

The resolution of a motion to serve a third-party complaint is left to the sound discretion of the district court. <u>See</u> <u>Kenneth Leventhal & Co. v. Joyner Wholesale Co.</u>, 736 F.2d 29, 31 (2d Cir. 1984) (<u>per</u> <u>curiam</u>), <u>citing</u> <u>Laffey v. Northwest Airlines, Inc.</u>, 567 F.2d 429, 477 (D.C. Cir. 1976); <u>Nova Prods., Inc. v. Kisma Video, Inc.</u>, 220 F.R.D. 238, 240 (S.D.N.Y. 2004) (Ellis, M.J.); <u>Murphy v. Keller Indus., Inc.</u>, 201 F.R.D. 317, 319 (S.D.N.Y. 2001) (Motley, D.J.).  "[T]he traditional grounds for a third-party action are indemnification, contribution, or subrogation." <u>Doucette v. Vibe Records, Inc.</u>, 233 F.R.D. 117,

120 (E.D.N.Y. 2005), <u>citing</u> <u>Telecom Int'l Am. v. AT & T Corp.</u>, 96
Civ. 1366 (AKH), 1999 WL 777954 at *4 (S.D.N.Y. Sept. 30, 1999)
(Hellerstein, D.J.) <u>and</u> <u>International Paving Sys., Inc. v. Van-
Tulco, Inc.</u>, 866 F. Supp. 682, 687 (E.D.N.Y. 1994); <u>accord</u>
<u>Balbino De Jesus v. AKAM Assocs., Inc.</u>, 09 Civ. 4450 (TPG), 2009
WL 3644025 at *1 (S.D.N.Y. Nov. 4, 2009) (Griesa, D.J.).  "Timely
motions for leave to implead non-parties should be freely granted
to promote judicial efficiency unless to do so would prejudice
the plaintiff, unduly complicate the trial, or would foster an
obviously unmeritorious claim."  <u>Farrell Family Ventures, LLC v.
Sekas & Assocs., LLC</u>, 863 F. Supp. 2d 324, 330-31 (S.D.N.Y. 2012)
(Forrest, D.J.) (internal quotation marks and alterations omit-
ted).  Factors relevant to the determination of whether to permit
the filing of a third-party complaint include:  "(i) whether the
movant deliberately delayed or was derelict in filing the motion;
(ii) whether impleading would unduly delay or complicate the
trial; (iii) whether impleading would prejudice the third-party
defendant; and (iv) whether the third-party complaint states a
claim upon which relief may be granted."  <u>Too, Inc. v. Kohl's
Dep't Stores, Inc.</u>, 213 F.R.D. 138, 140 (S.D.N.Y. 2003) (Marrero,
D.J.), <u>citing</u> <u>Rodolico v. Unisys Corp.</u>, 189 F.R.D. 245, 249
(E.D.N.Y. 1999); <u>accord</u> <u>National Westminster Bank PLC v. Empire</u>

<u>Energy Mgmt. Sys., Inc.</u>, 93 Civ. 5331 (LMM), 1996 WL 709763 at *8
(S.D.N.Y. Dec. 10, 1996) (McKenna, D.J.).

> B.  Application of the
>     <u>Foregoing Principles</u>

The application of these factors demonstrates that
defendants' motion for leave to file a third-party complaint
should be denied.

> 1.  Defendants Unreasonably
>     <u>Delayed Filing Their Motion</u>

First, defendants' motion is unreasonably late.  Ever
since it filed its amended complaint nearly 16 months ago,
plaintiff has alleged that defendants acted in concert with Dell.
In its answer, defendants pled as an affirmative defense that
Dell contributed to or caused plaintiff's damages.  Moreover,
discovery commenced in September 2015, a year before defendants
filed the present motion (Order Granting Letter Motion for
Discovery, dated Sept. 8, 2015 (D.I. 27)).  As defendants admit,
"the previous course of discovery . . . has already involved
Dell" (Def.'s Mem., at 11).  Thus, the facts necessary to assert
claims against Dell appear to have been available to defendants
for approximately 16 months.  <u>See</u> <u>National Westminster Bank PLC
v. Empire Energy Mgmt. Sys., Inc.</u>, <u>supra</u>, 1996 WL 709763 at *9

(denying leave to implead where defendant did not "adequately show[] that the facts necessary to assert claims against the [proposed third-party defendant] were unavailable earlier").

Defendants have not offered a reasonable excuse for their delay in filing this motion. In support of their motion, defendants state that they sought to implead Dell "promptly" after learning of the settlement between plaintiff and Dell in the Texas state action, in which plaintiff believes that Dell paid a substantial sum, and promptly after learning of evidence in that action about Dell's wrongdoing (Def.'s Mem., at 2, 8-9). Moreover, defendants claim, any delay in filing this motion was caused by plaintiff's decision to bring two separate actions, which deprived defendants of access to the discovery produced in the Texas action (Def.'s Mem., at 9).

I find these arguments unpersuasive for a number of reasons. First, Dell's settlement is not an admission of liability. See United States Sec. & Exch. Comm'n v. Citigroup Global Markets Inc., 673 F.3d 158, 166 (2d Cir. 2012) (per curiam) ("It is commonplace for settlements to include no binding admission of liability."); Perez v. Westchester Cty. Dep't of Corr., 587 F.3d 143, 148 (2d Cir. 2009) ("The settlement did not constitute an admission of liability."); see also Fed.R.Evid. 408(a)(1) (prohibiting use of settlement to prove or disprove validity of

disputed claim).  Thus, the settlement was not a determination of the validity of plaintiff's claim against Dell and, therefore, the settlement did not materially alter the mix of information available to defendants.

Second, it is unclear why defendants needed evidence of Dell's wrongdoing before they sought to implead Dell.  By asserting a third-party claim, a party certifies that "the factual contentions have evidentiary support or, if specifically so identified, <u>will likely have evidentiary support after a reasonable opportunity for further investigation or discovery</u>." Fed.R.Civ.P. 11(b)(3) (emphasis added).  Thus, there is no requirement that a party have conclusive evidence before asserting a claim, as long as it believes that evidence will support that claim.  And, defendants must have had some basis for believing that Dell was responsible for all or part of plaintiff's damages, apart from the allegedly newly discovered evidence:  in its answer, defendants pled as an affirmative defense that plaintiff's damages "were proximately contributed to or caused by . . . Dell Marketing LP" (Answer, at 11).  Thus, defendants believed Dell was culpable for plaintiff's claimed injuries since they drafted the answer.

Third, plaintiff's decision to bring two separate actions does not justify defendants' delay.  Defendants were

always free to seek discovery from plaintiff in this action and to seek discovery from Dell by way of subpoena.  Assuming that defendants could establish relevance, there was never any impediment to defendants' subpoenaing Dell to produce to defendants all the documents that Dell produced to plaintiff in the Texas action.  Thus, plaintiff's decision to proceed against defendants and Dell in two separate actions does not explain defendants' delay here.

> 2.  Although Granting Defendant's Motion
> Would Not Complicate the
> Trial, it Would Unduly Delay it

Granting defendants' motion to implead Dell would not complicate the trial.  In their proposed third-party complaint, defendants seek contribution and/or indemnity from Dell on the theory that any liability defendants may have is due to Dell's misrepresentations to defendants that:  (1) the customers to whom Dell provides services are Dell's customers; (2) the information for these customers is Dell's property; (3) the pricing information for these services is Dell's property, and (4) Dell was willing to extend its agreement with plaintiff, but plaintiff refused to continue the relationship unless Dell agreed to unreasonable demands (Arias Decl., Ex. 1 ¶¶ 72-84).  These proposed third-party claims arise from the same facts that are

11

set forth in plaintiff's second amended complaint, as well as the defendants' ninth affirmative defense.  See, e.g., In re Mission Constr. Litig., 10 Civ. 4262 (LTS)(HBP), 10 Civ. 9344 (LTS)(HBP), 11 Civ. 1565 (LTS)(HBP), 2013 WL 4710377 at *11 (S.D.N.Y. Aug. 30, 2013) (Pitman, M.J.) (impleader would not complicate trial because claims in third-party complaint arose out of same facts as those in plaintiff's complaint); Santos v. Delta Mach., 06 Civ. 13269 (PKL), 2007 WL 1098690 at *2 (S.D.N.Y. Apr. 11, 2007) (Leisure, D.J.) (same).

Although a close call, I find that impleading Dell would unduly delay trial.  Although defendants argue that "[t]his case is still in its infancy" (Def.'s Mem., at 10), the fact is that discovery is now closed[3] (Order Granting Letter Motion for

---

[3]Defendants seem to suggest that the status of discovery at the time the motion was made is relevant, rather than the status of discovery at the time the motion is decided (Def.'s Mem., at 10-11; Reply Mem., at 5 (distinguishing a case cited by plaintiff, Sovereign Sales, L.L.C. v. New York Accessory Group, Inc., 03 Civ. 3997 (DC), 2005 WL 289577 (S.D.N.Y. Feb. 4, 2005) (Chin, then D.J., now Cir. J.))).  However, not all cases discussing motions to implead draw that distinction.  Compare Too, Inc. v. Kohl's Dep't Stores, Inc., supra, 213 F.R.D. at 143 ("[D]iscovery actually ended around the same time [the defendant] filed this motion[.]"), with Ispat Inland, Inc. v. Kemper Envtl., Ltd., 05 Civ. 5401 (BSJ)(HBP), 2006 WL 3420654 at *4 (S.D.N.Y. Nov. 28, 2006) (Pitman, M.J.) ("To permit defendant to implead a third-party now, shortly before the close of discovery, would delay the trial and cause prejudice to the plaintiff."), and Sovereign Sales, L.L.C. v. New York Accessory Grp., Inc., supra, 2005 WL 289577 at *1 ("[D]iscovery is complete.").  The status of discov-
(continued...)

Extension of Time to Complete Discovery, dated Sept. 8, 2016
(D.I. 75) (ordering discovery to be completed by September 16,
2016)).   Contrary to defendants' argument that discovery concern-
ing their proposed third-party claims would not "entail anything
new or novel" (Def.'s Mem., at 11), the dispute between defen-
dants and Dell relates to misrepresentations that occurred since
2004, when the subcontract was signed (Arias Decl., Ex. 1 ¶¶ 1,
25-27), while the dispute between plaintiff and defendants
relates to events that occurred after 2013 (Second Amended Compl.
¶¶ 40-67).

        Moreover, Dell would also be entitled to discovery if
defendants' motion were granted, requiring the reopening of
discovery.   The fact that Dell already conducted some discovery
in the Texas action does not obviate the need for additional
discovery here.   Although each action involves essentially the
same underlying facts, Dell has received discovery only from
plaintiff, not defendants.   In addition, the Texas action was in
state court, not federal court, and different rules of discovery

---

        [3](...continued)
ery at the time the motion was made is not as relevant as its
status at the time the motion is ruled upon in determining
whether trial would be delayed, since the ruling is later in
time.   However, it is relevant in assessing whether defendants
unreasonably delayed filing their motion.   See supra Section
III.B.1.

were applicable.  Finally, the Texas action involved a different time period, namely after 2013 (Arias Decl., Ex. A to Ex. 1 ¶¶ 18-34), while the dispute between defendants and Dell involves events occurring since 2004 (Arias Decl., Ex. 1 ¶¶ 1, 25-27). Thus, even though trial has not been scheduled yet, what is clear is that

> the [proposed third-party defendant] would certainly want to review the documents already produced, and would serve its own document requests and deposition notices.  It is likely that the [proposed third-party defendant] would seek to depose individuals who have already been deposed in the existing action . . . . This added layer of discovery, which might lead to additional motion practice, would . . . substantially delay resolution of the case on the merits.

National Westminster Bank PLC v. Empire Energy Mgmt. Sys., Inc., supra, 1996 WL 709763 at *9.

Defendants also argue that whether or not their motion to implead Dell is granted, if the second amended complaint survives the pending motion to dismiss, defendants may be asserting new counterclaims and affirmative defenses in response to the second amended complaint and may themselves be seeking additional discovery.  Based on this premise, defendants proceed to argue that granting their motion to implead Dell will not result in any additional delay beyond that resulting from defendants' additional discovery requests and that granting the motion will not, therefore, have any net effect on the schedule in this matter.

This argument is unconvincing.  Given the similarity between the amended complaint and the second amended complaint, I believe it highly unlikely that denial of the pending motion to dismiss will substantially change the contours of the case or open new areas of discovery.

       3.   The Proposed Third-Party
           Complaint States a Claim for
           <u>Contribution, But Not for Indemnification</u>

Finally, defendants' proposed third-party complaint states a claim for contribution, but not for indemnification.

As a threshold matter, the parties dispute what law applies to the proposed third-party claim.[4]  First, they disagree whether a choice-of-law clause, contained in the subcontract between defendants and Dell, applies to the dispute here.  The contract between defendants and Dell provides in pertinent part: "This Agreement shall be governed by the laws of the State of Texas and any action arising out of this Agreement shall have venue in Collin County, Texas" (Answer, Ex. A ¶ 9).  Second, if the clause were inapplicable to this dispute, plaintiff assumes

---

    [4]Defendants claim that this choice-of-law issue "is not germane to the determination of this motion" (Def.'s Mem., at 12), but a choice-of-law analysis is necessary to assess the validity of defendants' third-party claims.  <u>See</u> <u>First Tr. Nat'l Ass'n v. Moses & Singer</u>, 99 Civ. 1947 (JSM), 2000 WL 1093054 at *2-*5 (S.D.N.Y. Aug. 4, 2000) (Martin, D.J.).

New York law applies (Memorandum of Law of Plaintiff in Opposition to Defendants' Motion for Leave to File Third-Party Complaint, dated Aug. 12, 2016 (D.I. 72), at 6-7), while defendants argue that Texas and Georgia law are also potentially applicable because Dell is domiciled in Texas and defendants are domiciled in Georgia (Reply Mem., at 8-10).

"[T]he scope of a contractual choice-of-law clause [is] a threshold question" and is determined under the law of the forum. Finance One Pub. Co. v. Lehman Bros. Special Fin., Inc., 414 F.3d 325, 333 (2d Cir. 2005). New York construes choice-of-law clauses narrowly. Finance One Pub. Co. v. Lehman Bros. Special Fin., Inc., supra, 414 F.3d at 334-35; Krock v. Lipsay, 97 F.3d 640, 645 (2d Cir. 1996). "Accordingly, a choice-of-law provision indicating only that an agreement will be governed by New York law will not bind the parties for non-contractual causes of action." Warman v. American Nat'l Standards Inst., 15 Civ. 5486 (RA), 2016 WL 3676681 at *3 (S.D.N.Y. July 6, 2016) (Abrams, D.J.) (emphasis in original); see Starr Indem. & Liab. Co. v. American Claims Mgmt., Inc., 14 Civ. 463 (JMF), 2015 WL 2152816 at *2 (S.D.N.Y. May 7, 2015) (Furman, D.J.); Plymack v. Copley Pharm., Inc., 93 Civ. 2655 (KMW), 1995 WL 606272 at *5 (S.D.N.Y. Oct. 12, 1995) (Wood, D.J.); Klock v. Lehman Bros. Kuhn Loeb Inc., 584 F. Supp. 210, 215 (S.D.N.Y. 1984) (Ward, D.J.). Thus,

16

the contractual choice-of-law clause does not apply here because defendants seek to sue Dell for fraud and other non-contractual claims.

In the absence of an applicable choice-of-law clause, a choice-of-law analysis is necessary.  A federal court sitting in diversity jurisdiction applies the law of the state in which it sits, including the forum's choice-of-law rules.  Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496-97 (1941).  Under New York law, a choice-of-law analysis is required "[w]here the applicable law from each jurisdiction provides different substantive rules."  Curley v. AMR Corp., 153 F.3d 5, 12 (2d Cir. 1998).  If, therefore, there is no conflict between the applicable rules of the competing jurisdictions, no choice-of-law analysis is required.  Finance One Pub. Co. v. Lehman Bros. Special Fin., Inc., supra, 414 F.3d at 331.

Here, while Texas law would bar a contribution claim against Dell because it settled with plaintiff, 1995 Tex. Sess. Law Serv. § 33.015(d) ("No defendant has a right of contribution against any settling person."), and New York law would also appear to bar it, N.Y. Gen. Oblig. Law § 15-108(b) ("A release given in good faith by the injured person to one tortfeasor [liable or claimed to be liable in tort for the same injury] relieves him from liability to any other person for contribution-

. . . ."),[5] Georgia law would not.  Section 51-12-32(a) of the Georgia Code Annotated provides, in pertinent part:

> [W]here a tortious act does not involve moral turpitude, contribution among several trespassers may be enforced . . . . [T]he right of a joint trespasser to contribution from another or others shall continue unabated and shall not be lost or prejudiced by compromise and settlement of a claim or claims for injury to person or property . . . .

See Zurich Am. Ins. Co. v. Heard, 321 Ga. App. 325, 329-30, 740 S.E.2d 429, 432-33 (Ct. App. 2013) (interpreting Section 51-12-32(a) and concluding that legislature did not bar contribution claims against settling tortfeasors).  Thus, an actual conflict of laws exists here.

Because the laws of the competing jurisdictions differ, New York's choice-of-law rules must be applied.  Contribution is a loss-allocating rule, AHW Inv. P'ship v. Citigroup Inc., 980 F. Supp. 2d 510, 522 (S.D.N.Y. 2013) (Stein, D.J.) ("[C]ontribution rules . . . exemplify loss-allocating rules." (internal quotation marks omitted)), aff'd, 13-4488-cv(L), 13-4504-cv(XAP), 2016 WL 4155020 (2d Cir. Aug. 5, 2016) (summary order); Cooney v. Osgood Mach., Inc., 81 N.Y.2d 66, 74, 612 N.E.2d 277, 282, 595 N.Y.S.2d

---

[5]Defendants argue that New York law would not bar a contribution claim because plaintiff's injuries in the settled action are different than those in the instant action (Reply Mem., at 7-8).  Because I conclude that Georgia law applies, see infra, I need not decide this.

919, 924 (1993), as opposed to a conduct-regulating rule, and the
choice-of-law analysis is, therefore, governed by Neumeier v.
Kuehner, 31 N.Y.2d 121, 286 N.E.2d 454, 335 N.Y.S.2d 64 (1972);
see Gilbert v. Seton Hall Univ., 332 F.3d 105, 109 (2d Cir.
2003). Neumeier provides that, where the parties are domiciled
in different states and the local rule favors its respective
domiciliary, the place of injury controls. Cooney v. Osgood
Mach., Inc., supra, 81 N.Y.2d at 73, 612 N.E.2d at 281, 595
N.Y.S.2d at 923, citing Neumeier v. Kuehner, supra, 31 N.Y.2d at
128, 286 N.E.2d at 457-58, 335 N.Y.S.2d at 70.

Here, the relevant parties to the contribution claim
are Dell and defendants:  Dell is domiciled in Texas and defen-
dants are domiciled in Georgia (Arias Decl., Ex. 1 ¶¶ 4-9).[6]
Texas law favors Dell because it would bar a contribution claim,
while Georgia law favors defendants because it would allow a
contribution claim.  Therefore, because the law of each jurisdic-
tion favors its domiciliary, the place where the injury occurred

---

[6]According to the proposed third-party complaint, CTS Hold-
ings and Dell, Inc. are also domiciled in Delaware (Arias Decl.,
Ex. 1 ¶¶ 4, 7).  However, because neither party has argued that
Delaware law may also be applicable, I do not consider it in this
choice-of-law analysis.  See Youngman v. Robert Bosch LLC, 923 F.
Supp. 2d 411, 416 (E.D.N.Y. 2013) ("Under New York's choice-of-
law rules, the first step . . . is to determine whether there is
an actual conflict between the laws invoked by the parties."
(internal quotation marks omitted; emphasis added)).

controls, which is where defendants are located.  See 2002
Lawrence R. Buchalter Alaska Tr. v. Philadelphia Fin. Life
Assurance Co., 96 F. Supp. 3d 182, 217 (S.D.N.Y. 2015) (Karas,
D.J.) ("A tort occurs in the place where the injury was in-
flicted, which is generally where the plaintiffs are located."
(internal quotation marks omitted)); Mark Andrew of Palm Beaches,
Ltd. v. GMAC Commercial Mortg. Corp., 265 F. Supp. 2d 366, 378
(S.D.N.Y. 2003) (Koeltl, D.J.) (applying law of place where
injury occurred for fraud and negligent misrepresentation claims-
), aff'd, 96 F. App'x 750 (2d Cir. 2004) (summary order); Pinna-
cle Oil Co. v. Triumph Okla., L.P., 93 Civ. 3434 (DC), 1997 WL
362224 at *1 (S.D.N.Y. June 27, 1997) (Chin, then D.J., now Cir.
J.) ("Under New York conflicts of law principles, fraud claims
are governed by the laws of the jurisdiction where the injury is
deemed to have occurred -- which usually is where the plaintiff
is located."), citing Sack v. Low, 478 F.2d 360, 366 (2d Cir.
1973), Plymack v. Copley Pharm., Inc., supra, 1995 WL 606272 at
*5, Carr v. Equistar Offshore Ltd., 94 Civ. 5567 (DLC), 1995 WL
562178 at *5 (S.D.N.Y. Sept. 21, 1995) (Cote, D.J.), Rosenberg v.
Pillsbury Co., 718 F. Supp. 1146, 1150 (S.D.N.Y. 1989) (Conner,
D.J.) and Schupak v. Florescue, 92 Civ. 1189 (JFK), 1993 WL
256572 at *5 (S.D.N.Y. July 8, 1993) (Keenan, D.J.).  Thus,
because defendants are domiciled in Georgia and are the parties

allegedly injured by Dell, Georgia law applies to their contribution claim.

Under Georgia law, contribution is available where the claimant's liability is based on negligence, but not where it is based on intentional conduct. A party cannot seek contribution for "'tortious acts [that] involve moral turpitude,' which includes intentional torts." Couch v. Red Roof Inns, Inc., 291 Ga. 359, 362, 729 S.E.2d 378, 381 (2012) (alteration in original), citing Crawford v. Johnson, 227 Ga. App. 548, 555, 489 S.E.2d 552, 555 (Ct. App. 1998) (interpreting Ga. Code Ann. § 51-12-32(a)). Thus, to the extent defendants seek contribution for claims based on their intentional acts, the proposed third-party complaint does not state a valid claim; however, it does state a valid claim with respect to any claims arising out of defendants' non-intentional acts.

Georgia law also applies to defendants' proposed indemnification claim, for the same reasons it applies to the contribution claim. Georgia law recognizes claims for indemnity under two circumstances:

> [D]espite the enactment of [Ga. Code Ann. § 51-12-33], it is well settled that Georgia law continues to recognize two broad categories of indemnity: as created by contract, as between a surety and a debtor; and under the common law of vicarious liability, as between principals and agents. Specifically with regard to the latter category, [i]f a person is compelled to pay

damages because of negligence <u>imputed to him</u> as the result of a tort committed by another, he may maintain an action for indemnity against the person whose wrong has thus been imputed to him.

<u>District Owners Ass'n v. AMEC Envtl. & Infrastructure, Inc.</u>, 322 Ga. App. 713, 715-16, 747 S.E.2d 10, 13 (Ct. App. 2013) (internal quotation marks omitted; alteration and emphasis in original); <u>see</u> Ga. Code Ann. § 51-12-32(c) ("[T]he right of indemnity, express or implied, from another or others shall continue un- abated and shall not be lost or prejudiced by compromise and settlement of a claim or claims for injury to person or property- . . . .").  However, "intentional acts cannot support [an] indemnification claim." <u>Crawford v. Johnson</u>, <u>supra</u>, 227 Ga. App. at 549, 489 S.E.2d at 555.

In <u>District Owners Ass'n v. AMEC Environmental & Infrastructure, Inc.</u>, <u>supra</u>, 322 Ga. App. at 713-14, 747 S.E.2d at 11-12, a jogger jumped over a concrete wall without realizing that the drop on the far side was more than thirty feet.  After being sued by the jogger for failing to erect fencing around the wall, the owner of the land sought indemnity from the designer of the concrete wall and the contractor who erected it, alleging that "any deficiencies with regard to the concrete wall . . . we- re a result of negligent design and construction by the third- party defendants" and "if [the defendant] is found liable in the

[plaintiff's] lawsuit, then [the third-party defendants] should indemnify [the defendant]." District Owners Ass'n v. AMEC Envtl. & Infrastructure, Inc., supra, 322 Ga. App. at 714-16, 747 S.E.2d at 12-13 (second and third alterations in original).  The court held that "by its very language the third-party complaint does not allege . . . vicarious liability based on any agent-principal or employer-employee relationship.  Rather, the complaint seeks payment from the third-party defendants as joint tortfeasors for any amount that [defendants] [are] ultimately found liable to the plaintiff." District Owners Ass'n v. AMEC Envtl. & Infrastructure, Inc., supra, 322 Ga. App. at 716, 747 S.E.2d at 13. Accordingly, the court affirmed the dismissal of the owner's indemnity claim against the designer and contractor.

        Similarly, defendants here do not allege a relationship with Dell that would give rise to vicarious liability.  Instead, defendants allege that any liability defendants may have to plaintiff is due to Dell's misrepresentations to defendants that (1) the customers to whom Dell provided services were Dell's customers; (2) the information for these customers was Dell's property; (3) the pricing information for such services was Dell's property, and (4) Dell was willing to extend its agreement with plaintiff, but plaintiff refused to extend the relationship unless Dell accepted unreasonable demands.  Moreover, defendants

23

allege that "[i]f [plaintiff] has sustained any damages, then said losses and damages, if any, were sustained as a direct and proximate result of Dell, by Dell's misrepresentations to [defendants]" and that "if [defendants] [were] found liable under any legal theory for any damages or injuries alleged in the Second Amended Complaint, Dell must indemnify [defendants]" (Arias Decl., Ex. 1 ¶ 75, 77).  Thus, like <u>District Owners</u>, defendants seek payment from Dell as joint tortfeasors for any amount that defendants are ultimately found liable.  Therefore, defendants have not stated a claim for indemnity.[7]  <u>See</u>, <u>e.g.</u>, <u>Standard Oil Co. v. Mount Bethel United Methodist Church</u>, 230 Ga. 341, 344, 196 S.E.2d 869, 872 (1973) (joint tortfeasor cannot seek indemnity from another tortfeasor).[8]

---

[7]However, under Georgia law, "[n]egligence or fault of a nonparty shall be considered if the plaintiff entered into a settlement agreement with the nonparty."  Ga. Code Ann. § 51-12-33(d)(1).  Thus, even though I conclude that defendants' motion to file a third-party complaint should be denied, defendants can argue that Dell was at fault in causing plaintiff's injuries; if defendants are successful in this argument, the fact finder will reduce defendants' liability by percentage of fault attributable to Dell.  <u>See</u> Ga. Code Ann. § 51-12-33(c) ("In assessing percentages of fault, the trier of fact shall consider the fault of all persons or entities who contributed to the alleged injuries or damages, regardless of whether the person or entity was, or could have been, named as a party to the suit."); <u>Georgia Power Co. v. Sure Flow Equip., Inc.</u>, No. 1:13-CV-1375-AT, 2014 WL 4977799 at *4-*5 (N.D. Ga. July 22, 2014).

[8]Because neither party's papers address whether impleading would prejudice the third-party defendant, I shall not consider
(continued...)

IV.  <u>Conclusion</u>

Balancing the factors above, I conclude that defendants' motion for leave to file a third-party complaint against Dell should be denied.  While defendants' proposed third-party complaint states a claim for contribution and the proposed third-party complaint would not complicate the trial, defendants were unreasonably tardy in filing their motion, granting the motion would unduly delay the trial and the proposed third-party complaint does not state a valid claim for indemnity.  Denying the motion will not prejudice defendants, because they are free to commence a separate action for contribution and/or indemnity against Dell if they are ultimately found liable to plaintiff.  <u>See</u> <u>Embassy Elecs., Ltd. v. Lumbermens Mut. Cas. Co.</u>, 108 F.R.D. 418, 421 (S.D.N.Y. 1985) (Leisure, D.J.); <u>Oliner v. McBride's Indus., Inc.</u>, 106 F.R.D. 14, 21 (S.D.N.Y. 1985) (Tenney, D.J.). In addition, they can argue in this action that if plaintiff is entitled to recover damages, those damages should be reduced by the percentage of fault attributable to Dell.

---

[8](...continued)
that factor.

25

Accordingly, for all the foregoing reasons, defendants' motion for leave to implead a third-party defendant is denied. The Clerk of the Court is respectfully requested to close Docket Item 65.

Dated:  New York, New York
        November 23, 2016

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel of Record

26